IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv186

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVID MITCHELL, | ) | |
| Supt., Mountainview Correctional | ) | |
| Institution, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's most recent Complaint brought under 42 U.S.C. § 1983 and Motion to Appoint Counsel (Doc. Nos. 1 and 2); his Motions for Production of Documents and for Temporary Restraining Order (Doc. Nos. 6 and 7); and his Motions for Leave to Depose Witnesses, for Entry of Default, for Deposition, and for Discovery (Doc. Nos. 15, 17, 18, and 19).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2008, the United States District Court for the Eastern District of North Carolina transferred to this Court a Complaint Plaintiff had filed against Defendant Mitchell alleging violations of 42 U.S.C. § 1983. (E.D.N.C. Case No. 5:07CT-3152-H, Doc. No. 61). The Clerk of this Court docketed Plaintiff's action under case number 1:08cv322-GCM. That Complaint alleged that Defendant Mitchell had prohibited Plaintiff from communicating with his brother, his brother's wife, his sons, his aunt, and his friends. (Case No. 1:08cv322-GCM, Doc. No. 1 at 21, ¶ 59). On April 14, 2009, the Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's case because Plaintiff had failed to establish a violation of his constitutional rights. (<u>Id.</u>,

Doc. No. 127). The Court determined that even if such a violation had occurred, Defendant Mitchell was shielded from such a claim for damages by qualified immunity. (Id.). On June 29, 2009, Plaintiff untimely filed a notice of appeal. (Id., Doc. Nos. 130 and 131). Following a limited remand from the Fourth Circuit Court of Appeals, on March 22, 2010, the Court entered an Order concluding that Plaintiff's allegations satisfied the requirements for reopening the appeal period and directed the Clerk of Court to return the supplemented record to the Circuit Court. (Id., Doc. No. 139). Plaintiff's appeal still is pending before that Court.

Nevertheless, Plaintiff has filed the instant action against various correctional institution employees alleging the same general facts as the case now on appeal. (Doc. No. 1 at 7 and 12). Plaintiff further claims that these defendants were deliberately indifferent to his rights by their failure to remedy the subject violation. (Id. at 9). Plaintiff's final allegation is that Defendant Bailey was notified of such violation on several occasions, but he failed to remedy the problem or to explain why Plaintiff's correspondence was not being mailed. (Id. at 11).

## II.  STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. West v. Adkins, 487 U.S. 42, 49 (1988). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted such initial review of Plaintiff's Complaint and determined that it must be dismissed because certain of its claims are barred by the doctrine of res judicata, and the remaining claim fails to state a claim for relief.

## III.    DISCUSSION

The doctrine of res judicata prevents a party from bringing an action where such action "has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." See, e.g. Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009) (citation omitted). The bar is applicable where there is (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both [proceedings]; and (3) an identity of the parties or their privies in the two suits. See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003). "The test for deciding whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittson Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). Furthermore, "the preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for . . . it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989)).

With the exception of his allegations against Defendant Bailey, the record reflects, and Plaintiff candidly admits, that his earlier § 1983 Complaint "deal[t] with the same facts involved in this action" and that such action was dismissed upon summary judgment. (Id. 1-2). In addition, with the exception of Defendant Bailey, the instant action involves all the same parties (or their privies) as were involved in the prior case. See Martin v. Am. Bancorp. Retirement Plan, 407 F.3d

643, 651 (4th Cir. 2005) (privity of parties exists when the non-party's interests were represented adequately by a party to the original action). Moreover, the Court finds that Plaintiff's additional allegation of deliberate indifference was available to him and could have been raised in that first proceeding. Meekins, 946 F.2d at 1057. Therefore, the Court finds that the doctrine of res judicata bars Plaintiff's claims against Defendants Mitchell, Officer John Doe Black, Taylor, Supervisor John/Jane Doe, Slagle, and Frazer.

Furthermore, the Court already determined in the earlier action that Plaintiff's constitutional rights were not violated by the limitations placed upon his communications; he thus cannot establish a claim based on Defendant Bailey's alleged failure to take remedial action. The Court will thus dismiss this claim.

In light of the foregoing determinations, Plaintiff's motions relating to discovery and the appointment of counsel are moot.

**IT IS, THEREFORE, ORDERED** that**:**

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** as to Defendants Mitchell, Paul Taylor, John Doe Black, John/Jane Doe, Slagle and Frazer because his claims against them are barred by res judicata; and **DISMISSED** as to Defendant Bailey for its failure to state a constitutional claim for relief. 28 U.S.C. § 1915A(1)(b);

2. Plaintiff's remaining motions (Doc. Nos. 2, 6, 7, 15, 17, 18, and 19) are **DENIED as moot**.

Signed: October 13, 2010

Robert J. Conrad, Jr.
Chief United States District Judge