IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv186

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MITCHELL, Supt., | ) | ORDER |
| Mountainview Correctional | ) | |
| Institution, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the following motions:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 35);

2. Plaintiff's Motion for Relief from Judgment or Order (Doc. No. 36);

3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 46); and

4. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 47).

The facts of this case were recounted in detail in the Court's Order of dismissal (Doc. No. 31). Pertinent records reflect that on August 30, 2010, Plaintiff filed a civil rights Complaint under 28 U.S.C. § 1983. (Doc. No. 1). The Complaint alleged that Defendants, employees of the correctional facility where Plaintiff had been housed, had violated his constitutional rights by censoring or intercepting mail that he was attempting to send to certain family members and friends, and were deliberately indifferent to those violations. (Id. at 2, 7-11). The Complaint also reported that Plaintiff previously had filed another law suit against Defendant Mitchell and others (Case No. 1:08cv322, Doc. No. 1) concerning "the same facts involved in this action." (Doc. No. 1 at 1-2).

Plaintiff's Complaint further reported that this Court had dismissed that earlier case upon Defendant Mitchell's motion for summary judgment. (Id. at 2). The record of Plaintiff's earlier case reflects that summary judgment was granted because the Court determined that Plaintiff had failed to establish a violation of his constitutional rights and, in any event, Defendant Mitchell was shielded from liability under the doctrine of qualified immunity. (Case No. 1:08cv322, Doc. No. 127 at 4-5). The record also showed that at the time Plaintiff filed the instant Complaint, his first case was on appeal at the Fourth Circuit Court of Appeals. (Case No. 1:08cv322, Doc. No. 132: Notice of Appellate Case Opening). Thus, after carefully evaluating the two Complaints, the Court determined that the instant Complaint's allegations were virtually identical to those in his earlier Complaint and, therefore, barred under the doctrine of res judicata; and that the remaining allegation of deliberate indifference was subject to dismissal for its failure to state a constitutional claim for relief. (Doc. No. 31 at 3-4). Accordingly, the Court dismissed Plaintiff's second Complaint on those grounds. (Id. at 4).

Plaintiff timely gave his notice of appeal of that decision. (Doc. No. 37). However, the Court of Appeals dismissed the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Tompkins v. Mitchell, et al., No. 10-7502 (4th Cir. Nov. 8, 2010). In addition, while Plaintiff's second case was pending on appeal, the appellate Court affirmed this Court's summary dismissal of his first case. Tompkins v. Mitchell, 2010 WL 4244860 (4th Cir. Oct. 25, 2010). Nevertheless, Plaintiff has filed the instant post-judgment motions.

Plaintiff's Motion for Relief from Judgment or Order, which he brings pursuant to Rule 60(a) and (b)(1)(3) of the Federal Rules of Civil Procedure, asks the Court to reinstate his second case. (Doc. No. 36 at 3). In support of this Motion, Plaintiff argues that although his former Complaint raised allegations which were identical to those in the instant Complaint, that first action did not

2

name John Doe Black as a defendant. (Id. at 2). Plaintiff asserts that he did not learn of John Doe Black's involvement in his case until Defendant Mitchell identified Black in a Brief which Mitchell filed in Support of his motion for summary judgment in the earlier case. (Id. at 3). Thus, Plaintiff essentially contends that because his former case was dismissed before he had the opportunity to add John Doe Black as a defendant and the dismissal of that earlier case cannot bar his current claims against Black, who was not a party to that first action, the Court should reinstate the instant case and allow him to proceed against Black. (Id. at 3-4). Plaintiff further claims that the earlier Order of dismissal dealt only with his claim that his mail to his brother was censored or intercepted and did not discuss his current claim that the mail he attempted to send to his sons, aunt, and friends also was intercepted. Therefore, Plaintiff argues that the second case should be reinstated so that he can proceed with those allegations against Defendants Mitchell and Bailey. (Id. at 5-6).

Rule 60(a) of the Federal Rules of Civil Procedure permits the Court to correct clerical mistakes, oversights and omissions in its orders. Rule 60(b)(1)(3) of those Rules permits the Court to relieve a party from a final judgment when there has been fraud, misrepresentation, or misconduct by an opposing party. The Court has reviewed its Order dismissing Plaintiff's second case (Doc. No. 31) and determined that there are no clerical mistakes or other errors to be corrected. Furthermore, the Court has reviewed the brief filed in connection with the former case, to which Plaintiff refers, and found no evidence of fraud, misrepresentation, or misconduct by Defendant Mitchell.

Rather, the Court's review of that brief reflects that the instant Motion for Relief from Judgment or Order is grounded in Plaintiff's misplaced reliance upon Defendant Mitchell's erroneous restatement of the allegations. Admittedly, Mitchell's Brief does refer to a "Defendant Black." However, the entire sentence from which that reference comes states: "Allegations against Defendant Mitchell that survived frivolity review may be summarized as follows: Defendant Black has refused

to send letters to Plaintiff's sons, his aunt, and to his friends." (Case No. 1:08cv322, Doc. No. 118 at 2). Notably, there is no further mention of "Defendant Black" anywhere else in that document. Plaintiff's reliance upon Defendant Mitchell's erroneous factual recitation is misguided; therefore, his request to have his second case reinstated on the basis of that misstatement must be denied.

Furthermore, and contrary to Plaintiff's contention, his earlier Complaint alleged that he had been prevented from sending mail to his brother, sons, aunt and friends (Case No. 1:08cv322, Doc. No. 1, ¶¶ 58, 59, 64 and 65), and his current allegations claim that he was prevented from sending mail to his sons, aunt, and friends. (Doc. No. 1 at 7). Therefore, this Court properly found that Plaintiff's attempt to re-litigate the allegations in his second Complaint was barred under the doctrine of res judicata. See Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009) (citation omitted). Moreover, even if Plaintiff's earlier Complaint had not identified the same addressees as in the instant Complaint, that fact would not have entitled him to proceed with his second Complaint. Rather, as the Court noted in its Order dismissing that second Complaint, "the preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for . . . it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (citation omitted). In sum, Plaintiff has failed to show that he is entitled to relief from the Court's Order of dismissal; therefore, his Motion for Relief from Judgment or Order will be denied.

By his Motion for Leave to File an Amended Complaint (Doc. No. 35), Plaintiff seeks permission to delete Defendants Slagle, Frazer, Taylor and John/Jane Doe from the action on the ground that after he filed his second Complaint, he determined that these parties had not been involved with the censorship of his mail. (Id. at 1). Plaintiff reports that he wants to proceed with

his claims against only Defendants Mitchell, Bailey and John Doe Black.  (Id. at 2-3).

"'[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "[t]here is one difference between a pre- and a post-judgment motion to amend:  the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id. at 427 (citation omitted).  As noted above, the Court has determined that Plaintiff's Motion for Relief from Judgment or Order must be denied.  Furthermore, the Court finds that Plaintiff's proposed amendments would not change the fact that his mail-related allegations are barred by res judicata, and the allegation of deliberate indifference still fails to state a claim for relief.  Ultimately, the Court concludes that Plaintiff's proposed amendments are futile; therefore, his Motion for Leave to file an Amended Complaint must be denied.

Finally, because Plaintiff no longer has any cases pending either in this Court or at the Court of Appeals, his Motion for Appointment of Counsel (Doc. No. 46) and his Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 47) will be denied as moot.

**IT IS, THEREFORE, ORDERED** that**:**

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 35) is **DENIED**;

2. Plaintiff's Motion for Relief from Judgment or Order (Doc. No. 36) is **DENIED**;

3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 46) is **DENIED as moot**; and

4. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 47) is **DENIED as moot**.

**SO ORDERED.**

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge