# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv186

| | |
|---|---|
| STUART WAYNE TOMPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID MITCHELL, Supt., | )     **O R D E R** |
| Mountainview Correctional | ) |
| Institution, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the following Motions from Plaintiff:

(1) Motion for Production of Documents (Doc. No. 49);

(2) Motion for Interrogatories and Request for Production of Documents (Doc. No. 50);

(3) Motion for Entry of Default (Doc. No. 51);

(4) Motion for Default Judgment (Doc. No. 55);

(5) Motion for Relief from Judgment or Order (Doc. No. 58);

(6) Motion for Leave to Depose (Doc. No. 61); and

(7) Motions to Compel (Doc. Nos. 67 and 68).

The facts of this case were recounted in detail in the Court's October 14, 2010 Order of dismissal. (Doc. No. 31). Relevant here, on August 30, 2010, Plaintiff filed a civil rights Complaint under 28 U.S.C. § 1983 alleging that employees of the correctional facility where he had been housed had violated his constitutional rights by censoring/intercepting mail which he was attempting to send to certain family members and friends, and by their deliberate indifference

to those violations. (Doc. No. 1 at 2 and 7-11). The Complaint also reported that Plaintiff previously had filed another law suit against Defendant Mitchell and others (Case No. 1:08cv322, Doc. No. 1) concerning "the same facts involved in this action." (Doc. No. 1 at 1-2); and that this Court had dismissed that earlier case upon Defendant Mitchell's motion for summary judgment. (Id. at 2). After evaluating the two Complaints, the Court determined that the allegations in this case were virtually identical to those in Plaintiff's earlier Complaint and, therefore, were barred under the doctrine of res judicata; and that the remaining allegation of deliberate indifference was subject to dismissal for its failure to state a constitutional claim for relief. (Doc. No. 31 at 3-4). Accordingly, the Court dismissed the instant Complaint on those grounds. (Id. at 4).

Plaintiff's appeal of that decision was dismissed by the Fourth Circuit Court of Appeals pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Tompkins v. Mitchell, et al., No. 10-7502 (4th Cir. Nov. 8, 2010). In addition, while Plaintiff's second case was pending on appeal, the appellate Court affirmed this Court's summary dismissal of his first case. Tompkins v. Mitchell, 2010 WL 4244860 (4th Cir. Oct. 25, 2010).

Thereafter, Plaintiff filed a series of post-judgment motions -- to amend (Doc. No. 35), for reconsideration (Doc. No. 36), for appointment of counsel (Doc. No. 46), and for a temporary restraining order and preliminary injunction (Doc. No. 47). However, all of those Motions were denied by the Court's Order entered December 28, 2010. (Doc. No. 56).

In the meantime, Plaintiff has continued his vexatious conduct by filing the several post-judgment motions that are now before the Court. However, inasmuch as the Court has concluded Plaintiff's case, he no longer has an appeal pending in the Circuit Court, and the Court has previously denied a Motion for Relief from Judgment (Doc. No. 36) that was based upon grounds that are similar to the ones raised in the instant Motion for Relief from Judgment, all of the

2

Motions now before the Court will also be denied.[1]

Furthermore, a review of the matters filed in this Court reflect that many of Plaintiff's pleadings and letters are duplicative, thereby evidencing his intent to, at the very least, abuse the Court and usurp scarce judicial resources. Plaintiff currently has no good faith basis upon which to continue his submissions and filings. Equally problematic, notwithstanding his lack of success, Plaintiff shows no indication that he will cease his abusive conduct. Accordingly, Plaintiff is cautioned that any further attempt to abuse this Court by filing successive, frivolous complaints or motions could result in the issuance of a pre-filing review order and/or an order to show cause why an injunction should not be entered against him. See Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977); and In Re Rochester, 292 F. App'x 226 (4th Cir. Aug. 29, 2008) (unpublished).

**IT IS, THEREFORE, ORDERED** that**:**

(1)   Plaintiff's Motion for Production of Documents (Doc. No. 49) is **DENIED**;

(2)   Plaintiff's Motion for Interrogatories and Request for Production of Documents (Doc. No. 50) is **DENIED**;

(3)   Plaintiff's Motion for Entry of Default (Doc. No. 51) is **DENIED**;

(4)   Plaintiff's Motion for Default Judgment (Doc. No. 55) is **DENIED**;

(5)   Plaintiff's Motion for Relief from Judgment or Order (Doc. No. 58) is **DENIED**;

(6)   Plaintiff's Motion for Leave to Depose (Doc. No. 61) is **DENIED**; and

---

[1] In addition to the 19 post-judgment pleadings and motions that Plaintiff has filed in the instant case, the 21-page docket sheet of his other case before this Court reflects that he filed more than 25 pre-judgment motions for miscellaneous relief, including multiple motions for the appointment of counsel, to amend, to supplement, for entry of default and default judgment, and for preliminary injunctive relief; that he filed at least 15 of his own Affidavits; that he filed two interlocutory appeals; and that he filed a post-judgment motion to set aside the judgment. Moreover, the Court's review of various records for the United States District Courts for the Eastern and Middle Districts reflects that since 2001, Plaintiff also has filed 11 other cases in those Courts, seven of which were civil rights actions. Thus far, none of Plaintiff's cases has resulted in a judgment for him, and none of his appeals has been successful.

(7)     Plaintiff's Motions to Compel (Doc. Nos. 67 and 68) are **DENIED**.

Signed: June 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge