UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv186

| | |
|---|---|
| STUART WAYNE TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID MITCHELL, Supt., ) | **O R D E R** |
| Mountainview Correctional ) | |
| Institution, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to Depose (Doc. No. 66); and on the Court's own motion.

The facts of this case were recounted in detail in the Court's October 14, 2010 Order of dismissal. (Doc. No. 31). Relevant here, on August 30, 2010, Plaintiff filed a civil rights Complaint under 28 U.S.C. § 1983, alleging that employees of the correctional facility where he had been housed had violated his constitutional rights by censoring/intercepting mail that he was attempting to send to certain family members and friends, and by their deliberate indifference to those violations. (Doc. No. 1 at 2, 7-11). The Complaint also reported that Plaintiff previously had filed another law suit against Defendant Mitchell and others (Case No. 1:08cv322, Doc. No. 1) concerning "the same facts involved in this action"; and that this Court had dismissed that earlier case upon Defendant Mitchell's motion for summary judgment. (Doc. No. 1 at 1-2). After evaluating the two Complaints, the Court determined that all but one of the allegations in Plaintiff's second Complaint were virtually identical to the allegations in his preceding Complaint and, therefore, were barred under the doctrine of *res judicata*. (Doc. No. 31 at 3). As to the

remaining matter, the Court determined that such allegation of deliberate indifference was subject to dismissal for its failure to state a constitutional claim for relief. (Id. at 4). Accordingly, the Court dismissed the second Complaint on those grounds. (Id.).

Plaintiff's appeal of that decision was dismissed by the Fourth Circuit Court of Appeals pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Tompkins v. Mitchell, et al., No. 10-7502 (4th Cir. Nov. 8, 2010). In addition, while Plaintiff's second case was pending on appeal, the appellate Court affirmed this Court's summary dismissal of his first case. Tompkins v. Mitchell, 2010 WL 4244860 (4th Cir. Oct. 25, 2010).

Following the conclusion of his case in this Court, Plaintiff filed post-judgment motions to amend (Doc. No. 35) and for reconsideration (Doc. No. 36). Plaintiff also filed a declaration (Doc. No. 33), an Affidavit (Doc. No. 34), and a letter asking the Court to imprison an administrator who works at his prison (Doc. No. 42). After Plaintiff's appeal failed, he filed numerous other post-judgment motions and miscellaneous documents, including a motion for the appointment of counsel (Doc. No. 46), for a temporary restraining order and preliminary injunction (Doc. No. 47), for production of documents (Doc. No. 49), for interrogatories and the production of documents (Doc. No. 50), for entry of default (Doc. No. 51), for default judgment (Doc. No. 55), for reconsideration (Doc. No. 58), for leave to depose an assistant North Carolina Attorney General (Doc. No. 61), for leave to depose certain family members, and to compel discovery (Doc. Nos. 67 and 68). Also during that time period, Plaintiff continued to file miscellaneous documents and letters with the Court. (Doc. Nos. 45, 48, 52, 53, 54, 59, 60, 63, 64, 65, 69, 70 and 73). However, all of Plaintiff's Motions were denied by the Court's Orders

entered December 28, 2010 and June 22, 2011.¹ (Doc. Nos. 56 and 72).

Furthermore, although the Court's Order of June 22, 2011 warned Plaintiff that if he continued his abusive filings, it would consider imposing a pre-filing review system upon him, that warning went unheeded. Indeed, since the time that such Order was entered, Plaintiff has persisted in filing additional letters, including a troubling letter to the undersigned, consisting of profane language and veiled threats.² Plaintiff also has filed another appeal, this time challenging the Court's rulings on said post-judgment motions.³

Turning first to his post-judgment Motion for Leave to Depose, filed March 21, 2011, Plaintiff asks the Court for permission to depose his brother and sister-in-law by written questions in order to obtain "vital information" in his case. (Doc. No. 66 at 1-2). However, inasmuch as Plaintiff's case was concluded long before he made this request, such Motion for Leave to Depose will be dismissed as moot.

Regarding Plaintiff's misconduct, the Court finds that it must take some limited action to protect itself from Plaintiff's disregard for its time and other dwindling resources. The Court does not lightly consider the imposition of a pre-filing review system upon Plaintiff: "[A] judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as

---

¹ The Court did not specifically deny the Motion to Depose (Doc. No. 66) in its Order of June 22, 2011, in part because of the volume of the other materials that the Court addressed in that Order, but denies it now.

² For instance, Plaintiff reports that his letter concerns the undersigned's "Bullshit Order Doc. 72, 1:10-CV-186"; he complains that the undersigned is "just like the other dam [sic] Court by protecting the scums but [he] will get help later and [] will take care of this bastard Mitchell . . . ." (Doc. No. 75 at 1-2). Plaintiff further accuses the undersigned of having "no dam [sic] concerns about that lieing [sic] S.O.B." and invites the Court to take the $350 filing fee, which he indicates he is not going to pay, "and stick it."

³ In addition to the numerous pre and post-judgment motions and documents that Plaintiff filed in this case, the Court further notes that since 2001, Plaintiff has filed 11 other cases in the United States District Courts for the Eastern and Middle Districts of North Carolina. Seven of those cases were civil rights actions. However, none of those actions has yet resulted in a judgment in Plaintiff's favor, and none of his appeals has yet succeeded.

a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. Id. at 818.

In Cromer, the Court identified a test for determining whether to impose limitations on a litigant's access to the Courts. Id. The Court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, 2011 WL 102727, at * 1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

As to the foregoing factors, the Court has already outlined Plaintiff's history of filings in this judicial District and elsewhere, which reflects a lack of respect for the judicial process. Plaintiff lacked a good faith basis for submitting most of his motions and other writings in this case. Many were rejected by the Court, or were unrelated to the instant case; and oneOne writing contains offensive and potentially threatening language. Plaintiff filed many of those documents after the conclusion of his case.

The Court finds that Plaintiff's filings constitute harassment. They have caused the Court to expend considerable resources. Based upon these circumstances, and Plaintiff's failure to heed the Court's admonition, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before considering a pre-filing limitation, Plaintiff is offered an opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Black, 2011 WL 102727, at * 1 (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). In the event Plaintiff fails to articulate a reason why that system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content. Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions.

**IT IS, THEREFORE, ORDERED** that**:**

(1) Plaintiff's Motion for Leave to Depose (Doc. No. 66) is **DENIED**; and

(2) Within twenty (20) days of the entry of this Order, Plaintiff shall file a single document, not to exceed more than three single-spaced pages, succinctly explaining why he believes the Court should not impose the above-described a pre-filing review system. **Plaintiff is expressly warned that his failure to full comply with this directive will result in the Court's imposition of the subject pre-filing review system. Plaintiff is further warned that if such abusive behavior thereafter persists, the pre-filing review system may be modified to include an injunction precluding him from filing his documents with this Court. See In re Martin-Trigona, 737 F.2d 1254, 12 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry**

**out Article III functions.")**.

Signed: August 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge