# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:10-cv-186-RJC

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID MITCHELL, Supt., | ) | |
| Mountainview Correctional | ) | |
| Institution, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. No. 88).

On August 1, 2011, the Court entered an Order finding that Plaintiff's numerous filings in this case, many of which occurred post-judgment and one which contained offensive and potentially threatening language, constitute harassment. (Doc. No. 81 at 4). "Based upon these circumstances, and Plaintiff's failure to heed the Court's admonition, the Court conclude[d] that Plaintiff [would] continue his abusive behavior if he [was] not subjected to a pre-filing review system." (Id.). The Court further provided:

> Before considering a pre-filing limitation, Plaintiff is offered an opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Black v. New Jersey, 2011 WL 102727, at * 1 (E.D.N.C. Jan. 11, 2011) (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). In the event Plaintiff fails to articulate a reason why that system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content. Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from

usurping the Court's resources with his baseless submissions.

(Id. at 5).

The Court entered an Order providing that within 20 days:

Plaintiff shall file a single document, not to exceed more than three single-spaced pages, succinctly explaining why he believes the Court should not impose the above-described a pre-filing review system. Plaintiff is expressly warned that his failure to full[y] comply with this directive will result in the Court's imposition of the subject pre-filing review system. Plaintiff is further warned that if such abusive behavior thereafter persists, the pre-filing review system may be modified to include an injunction precluding him from filing his documents with this Court. See In re Martin-Trigona, 737 F.2d 1254, 12 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

(Id.).

In response to the Court's Order, Plaintiff submitted a four-page "Affidavit" in which he reiterates his previously dismissed claims and states that he is not attempting to abuse the system. See (Doc. No. 82). Aside from the fact that Plaintiff's affidavit violates the three-page limit as ordered by the Court, Plaintiff fails to provide any meaningful reason why the Court should not impose a pre-filing review system on his future filings. (Id.). Additionally, the Court has reviewed Plaintiff's pending Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. No. 88), and found it to be without merit.

Due to Plaintiff's failure to comply with its Order, (Doc. No. 81), the Court hereby imposes a pre-filing review system on Plaintiff's filings. Any further documents filed by Plaintiff in this matter will be screened by the Court and, if not made in good faith or if lacking in substance or merit, the filing will be returned to Plaintiff without any further explanation. Plaintiff is again warned that if his abusive behavior persists, the pre-filing review system may be modified to include an injunction precluding him from filing his documents with this Court.

2

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (Doc. No. 88), is **DENIED**; and

2.    Any further documents filed by Plaintiff in this matter will be pre-screened by the Court and, if not made in good faith or if lacking in substance or merit, the filing will be returned to Plaintiff without any further explanation.

Signed: January 31, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

3